NELSON *v.* BISHOP.

[87 South. 643.   No. 21719.]

PAYMENT.   *Mortgagor suing for over-payment cannot recover interest on notes actually due.*

On a bill by a mortgagor to recover an amount paid in excess of the amount actually due, he was not entitled to recover interest owing on the notes actually due to the date of the payment.

APPEAL from chancery court of Harrison county.
HON. W. M. DENNY, JR., Chancellor.

Suit by Henry Bishop against Henry Nelson. Decree for plaintiff, and defendant appeals. Affirmed conditionally.

*McDonald & Marshall,* for appellant.

This bill (page 1) alleges that the notes were dated March 24, 1917, that they bore six per cent interest per annum, that they provided for an attorney's fee if placed in the hands of an attorney. The deed of trust, page 6 of record, shows the same thing. So, even if there were only six notes due Nelson, amounting to three hundred dollars principal, he was entitled to interest at six per cent per annum from March 24, 1917 to May 23, 1918, on which latter date the money was paid to the trustee.

Yet the complainant below, appellee here, sued to recover back the interest paid on the six notes which he ad-

mits he owed Nelson, actually got a decree for it, and to cap the climax was allowed interest on that interest, which he had not asked in his bill, for March 17, 1918, which was more than two months before it had been paid to the trustee, to date of decree, May 28, 1920.

The allegation of the bill, that Nelson directed Hayden trustee, on March 18, 1918, and before all notes were due to foreclosure is contradicted by the deed of trust. The first note matured May 24, 1917, and one note on the 24th of each successive month, hence the tenth and last note matured February 24, 1918, and the trust deed authorized the owner to direct the trustee to foreclose when as many as three notes were in default.

These notes were turned over to attorneys, and an attorney's fee accrued. They were not paid until May 23, 1918, and attorney's fee was properly collected on each. So exhibits to the bill will control when in conflict with the bill, we find that the appellee, Bishop, owed the appellant, Nelson, even eliminating the two notes claimed to have been paid, as follows:

| | |
|---|---:|
| Six notes of $50 each, amounting to . . . . . . . | $300.00 |
| Six per cent. interest thereon from March 24, 1917 to May 23, 1918 . . . . . . . . . . . . | 23.00 |
| | $323.00 |
| Fifteen per cent. attorney's fee thereon . . . | 48.45 |
| Cost of advertising . . . . . . . . . . . . . . . . . . . . . | 23.00 |
| Or a total of . . . . . . . . . . . . . . . . . . . . . . . . . | 394.45 |

Yet this twenty-three dollars interest, forty-eight dollars and forty-five cents attorney's fee, and twenty-three dollar costs the property of Nelson, is by this decree abstracted from his pocket and placed in Bishop's.

The appellee, Bishop, from his contention and from the bill and exhibits, could only have prayed for the return of the money paid by him to the trustee, as follows:

| | |
|---|---:|
| Two notes of $50 each ................... | $100.00 |
| Six percent. interest on same from March 24, 1917, to May 23, 1918 ............... | 7.00 |
| | $107.00 |
| Fifteen per cent. attorney's fee ........... | 16.05 |
| Total ............................... | 123.05 |

However, the bill does not so pray, but asks for two hundred fourteen dollars and twenty-four cents flat, and there is no prayer for general relief.

The allegation that appellee was ready, able and willing to pay the six notes is denied by the answer, and contradicted by the evidence, but in any event there is no allegation or proof of a tender or offer or attempt to pay anything until May 23, 1918.

I respectfully submit that the final decree entered on the minutes below should be reversed on the evidence, and bill dismissed.

*White & Ford*, for appellee.

There may be a technical oversight in the decree in including interest on the three hundred dollars of notes from March 24, 1917, to May 23, 1918, or twenty-three dollars. Bishop was ready to pay this at all times but for the fact that Nelson demanded the amount of five hundred fourteen dollars so if the court sees fit a remittitur of twenty-three dollars can be entered. Clearly the attorney's fees and costs of sale Nelson made Bishop pay to protect his property from a wrongful sale were correctly ordered to be paid back. The evidence showed and the chancellor found that Bishop was at all times ready to pay the proper amount and turning over to attorneys paid notes and demanding payment along with proper notes, refusing to accept the proper amount does not entitle the party so demanding to attorney's fees. Appellant says that Bishop

125 Miss.]            Opinion of the Court.

did not tender it. We showed Nelson would not accept and so showed we had to pay the wrongful demand along with a rightful one and refusal to accept the improper amount is also paid.

The chancellor found the three hundred dollars of notes and interest was tendered and would have been properly paid but for the improper demand of the other two notes. Certainly an advertising bill Bishop had to pay to protect his property from a wrongful sale is properly ordered paid back also. Counsel say the bill only demands two hundred fourteen dollars and twenty-four cents. It demands three hundred fourteen dollars and twenty-four cents in a lump sum and also asks that the fund in the hands of the garnishee be applied to the satisfaction of the claim of Bishop or that Bishop be returned out of said fund the amount wrongfully exacted of him.

We respectfully submit the decree should be affirmed. In accordance with the chancellor's findings from all the evidence it should be, but if the court is doubtful about the twenty-three dollar remittitur, we have no objection to its being entered.

W. H. COOK, J., delivered the opinion of the court.

This controversy grows out of an attempt to foreclose a deed of trust held by appellant upon appellee's one-half interest in a certain schooner. Appellee was indebted to one Spottswood, as evidenced by certain promissory notes dated March 24, 1917, and appellant acquired this indebtedness and deed of trust. Afterwards he directed the trustee in the deed of trust to advertise for sale the interest of appellee in the boat for the purpose of satisfying a balance of four hundred dollars and interest, which appellant claimed to be due on this indebtedness. Appellee claimed to have paid one hundred dollars on the indebtedness for which he had not received credit, and offered to pay three hundred dollars, which he admitted to be due. After the property was advertised for sale, in order to save it from

sale, appellee paid to the trustee, under protest, the full amount claimed by the trustee, together with interest and attorney's fees as provided in the notes, and the cost of advertising, amounting in the aggregate to five hundred fourteen dollars and twenty-four cents. Thereupon he filed his bill of complaint seeking to recover the amount which he had paid in excess of the three hundred dollars and interest accrued thereon, and from a decree in his favor for two hundred fourteen dollars and twenty-four cents, the full amount paid in excess of three hundred dollars this appeal was prosecuted.

The chancellor passed upon the disputed facts in the record, and we do not feel warranted in disturbing his finding that complainant is entitled to recover the amount paid in excess of the sum admitted to be due. There is, however, a manifest error in the calculation of the amount of recovery. It appears from the bill of complaint that the notes in controversy bore interest at the rate of six per centum per annum from date, and therefore complainant owed the interest on three hundred dollars from March 24, 1917, to the date of the payment to the trustee, amounting to twenty-three dollars and complainant was not entitled to recover this interest. If the appellee will enter a remittitur of twenty-three dollars, the decree of the lower court will be affirmed; otherwise it is reversed and remanded.

*Affirmed conditionally.*